5571.

(Court of Appeal, Parish of Orleans.)

## GEORGE DENEGRE vs. W. G. TEBAULT FURNITURE AND REALTY CO.

1. Section 49 of Act 170 of 1898 imposes upon the sheriff who takes possession of personal property the duty to pay the taxes due upon the same.

2. An assessment of a stock in trade is an indivisible appraisement of an assessable entity, and every part or item of the property is responsible for the tax upon the whole and is subject to a lien therefor under Section 32 of Act 170 of 1898.

3. But the sheriff is not responsible for taxes on other personal property of the debtor which has not been taken possession of by him.

Appeal from the Civil District Court, Division "A."

Denegre, Blair & Chaffe, for plaintiff and appellee.

Harry P. Sneed, for defendant and appellant.

DUFOUR, J.—The defendant's lessor having caused to be seized and sold the stock in trade contained in the leased premises, the State Tax Collector took a rule on the sheriff to show cause why he should not pay the taxes due by the defendant on stock in trade, money lent, and in possession, animals and vehicles.

The sheriff answered that the only tax he could be required to pay was one based on the actual value of the property, the sum of $1,292.90.

From a judgment sustaining the sheriff's contention, the tax collector has appealed.

The law upon which decision hinges is Section 49 of

the Revenue Act No. 170 of 1898, which, so far as pertinent, reads as follows:

"Whenever any sheriff * * * shall take possession of personal property, it shall be his duty to pay at once all the taxes that may be due or become due upon the same, and, if he fails to do so, he shall become responsible personally and upon his bond for the payment of the same * * * The tax collector shall have the right to proceed by rule * * * to compel payment of the taxes due on the property * * *"

The question arises as to what are the taxes due on the property.

An assessment of a stock in trade is an indivisible appraisement of an assessable entity, it is not an assessment of certain individual articles but one in bulk of all objects going to constitute the general entity described by the name of stock in trade. The number of objects may change, may increase or diminish according to the fluctuations of trade, but the entity assessed is in law invariable and every part of the property is responsible for the tax upon the whole, and is subject to a lien therefore under Section 32 of the revenue act **supra**.

To allow the sheriff to pay **pro rata** on a value ascertained by his sale would be to indirectly disturb the correctness of an assessment long after the period allowed by law for the reduction of its **quantum**.

It follows that that sheriff must pay the taxes on $10,-000.00 the amount of the assessment on the stock in trade.

But, under the text of the law, he is not responsible for the taxes on property which he did not seize and take possession, of and his responsibility cannot be extended beyond the terms of the statute. The right to seize

for the tax on other personal property than the one upon which is imposed, given by Section 54 of the Revenue Act, is one conferred by law on the tax collector, and is not involved in this case, which deals solely with the obligations of the sheriff as to the tax due by the property in his possession.

In refusing an alternative writ in this case, the Supreme Court held that the amount to be distributed vested this Court wth jurisdiction.

The judgment appealed from is amended by ordering the Civil Sheriff to pay the State Tax Collector six and nine twentieths mills (.006-9/20) on $10,000, and, as amended, that the judgment be affirmed, appellee to pay costs of appeal.

April 1st, 1912.

———o———

. 5560.

(Court of Appeal, Parish of Orleans.)